**WYNWOOD AGENCY, INC., dba
Contract Service Center,
Plaintiff,**

**v.**

**William J. WATTS, et al., Defendants.**

CIV. No. 99–6278–HO.

United States District Court,
D. Oregon.

Feb. 1, 2000.

James L. Murch, Shermans, Bryan & Murch, Salem, OR, for Wynwood Agency, Inc. and Investors Mortgage Co.

Richard D. Corona, Susan K. Chelsea, The Corona Firm, San Diego, CA, Larry H. Schons, Eugene, OR, for William J. Watts.

Kristine Olson, William W. Youngman, U.S. Attorneys Office, Portland, OR, Barbara A. Johnson, Michael J. Desmond, Jian H. Grant, U.S. Dept. of Justice, Washington, DC, for U.S.

Ronald D. Joling, Coquille, OR, pro se.

Dorothea J. Husband and Wife, Coquille, OR, pro se.

*ORDER*

GOODING, Circuit Judge.

Plaintiff Wynwood Agency, dba Contract Service Center and Investors Mortgage Co., brought this Interpleader action in Coos County District Court against the trustee of the Joling family trust and the United States of America. Defendant United States of America acting by and through the Internal Revenue Service removed the action to federal court.

Plaintiff collected monies under a conditional land sales contract executed on July 27, 1990, between sellers Ronald D. Joling and Dorothea J. Joling and buyers Marshall and Janet Klier for real property located in Myrtle Point, Oregon. The Jolings originally instructed Plaintiff to pay the proceeds from the sales contract to Ronald and Dorothea Joling. On November 4, 1997, Ronald and Dorothea Joling instructed plaintiff to make payments to the Joling Family Trust.

On March 11, 1998, plaintiff received a notice of levy from defendant Internal Revenue Service (IRS) and a letter from revenue officer Ron Robison directing plaintiff to withhold one-half of the funds received through the land sales contract to pay for a tax debt owed by Ronald D. Joling.

Plaintiff alleges that after notice of the levy, it received a warranty deed purporting to transfer the interest of Ronald and Dorothea Joling in the subject property to the Joling family trust.

Plaintiff received another notice of levy on or about May 26, 1998, from the IRS attaching all proceeds from the subject property after processing fees were taken out. The IRS named the Joling Family Trust, Nominee for Ronald D. Joling, as the taxpayer on

this levy. Apparently, at some point after the notice from the IRS to plaintiff, Ronald Joling sent notice to plaintiff that he had resigned his position as trustee of the Joling Family Trust.

Plaintiff received another levy from the IRS attaching any and all proceeds of the ongoing contractual relationship between plaintiff and the Joling family trust until the levy is satisfied in full. The levy amount was $125,958.94.

Defendant William Watts, trustee for the Joling family trust, brought suit against plaintiff in Coos County seeking damages for the payment of the proceeds from the contract to the IRS. Because the IRS and the Joling family trust claim a conflicting interest in the proceeds from the land sale contract, plaintiff brought this interpleader action contending it is being placed in jeopardy for a double claim of liability. Beyond processing fees, plaintiff claims no interest in the proceeds. The Coos County court consolidated the two actions. As noted above, the IRS removed this action to federal court.

## DISCUSSION

*Motion # 10 (To Dismiss by Defendant William Watts)*

Defendant William Watts, trustee of the Joling family trust, and the board of trustees of the Joling family trust move to "strike the IRS/United States from all pleadings," "dismiss against the IRS/United States because it has not consented to be sued," "remand this case back to State Court," and "in the alternative summary judgment as outlined in the motions" attached to the motion to dismiss. The motion is made pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim.

William Watts is representing himself *pro se* and is not an attorney. Thus, he may not represent the board of trustees of the Joling family trust. The court will, however, consider the merits of the motion as against him and apply its ruling to all interested parties. Additionally, Watts does not have standing to

raise defenses for the IRS, but the court will nonetheless consider the merits of his argument.

Watts contends that property rights can only be determined in state court, that there is no jurisdiction in this court, and that because Ronald Joling has no interest in the subject property, the IRS has no interest in the subject property.

Any action brought under 28 U.S.C. § 2410 against the United States in State court may be removed to federal court by the United States. 28 U.S.C. § 1444. Section 2410 pertains to actions affecting property on which the United States has a lien. The United States may be named as a party in any civil action or suit to quiet title, to foreclose a mortgage or other lien, or of interpleader or in the nature of interpleader with respect to real property on which the United States has or claims a lien. 28 U.S.C. § 2410(a). This is such an action. Therefore, the action is properly removed to this court. The motion to remand is denied.

Because the IRS has claimed an interest, whether correctly or incorrectly, the motion to strike reference to the IRS from the pleadings is denied. The purpose of the interpleader is to determine the parties' interest in the subject property. Furthermore, the United States has consented to being named in this action by virtue of 28 U.S.C. § 2410. Thus, the action will not be dismissed against the IRS. For the reasons discussed regarding motion # 9 below, the action will not be dismissed due to the claimed lack of interest on the part of Ronald Joling either.

Defendant Watts has also attached a motion for summary judgment to his motion to dismiss. The motion is not properly before this court. The IRS removed this action to this court on November 19, 1999, and there is no copy of the summary judgment motion included in the removed file. The summary judgment motion appears to have been filed in State court on November 22, 1999. No adverse party has had an opportunity to respond to the motion. If defendant Watts

wishes to pursue the summary judgment, he must file it in this court in accordance with Fed.R.Civ.P. 56. Moreover, issues of fact abound as to the interest of Ronald Joling, the Joling family trust, and the IRS with respect to the subject property and proceeds derived from it. Discovery is ongoing at this point of the proceedings. Thus, treating the motion as properly filed, it is denied without prejudice to refile upon the completion of discovery.

*Motion # 9 (To Dismiss and for Damages Against Murch)*

Ronald Joling and Dorothea Joling, *pro se,* have also filed a motion to dismiss.

In their motion, the Jolings contend that they do not have an interest in the subject property. They claim they should not be named in this interpleader and that the attorney filing the interpleader, James Murch, has caused them emotional damages. The Jolings request the court to order Murch "to pay the Jolings $200.00 for getting advise on how to respond to the interpleader and for the costs for preparing, copying, and filing this motion." The Jolings also ask for an unspecified amount for malicious prosecution.

The record does not demonstrate that the Jolings have properly filed an answer to the complaint and have pleaded the above counterclaims. The motion provides no support for the assertion that the Jolings do not have an interest in the subject property and, at any rate, the purpose of this action is to determine that interest.

On a motion to dismiss, the court assumes that the allegations in the complaint are true. Taking the allegations as true establishes that the Jolings may indeed have an interest in the property. For instance, the proceeds under the land sale contract were originally collected in the names of Ronald and Dorothea Joling. The Jolings' interest was allegedly conveyed to the Joling family trust, but the complaint also alleges that such conveyance was unrecorded and the terms and conditions of such conveyance are unknown to plaintiff.

The motion to dismiss is denied and the motion for damages is also denied.

### CONCLUSION

For the reasons stated above, defendant William J. Watts' motion to dismiss and strike (# 10) is denied. In addition, defendants Ronald Joling's and Dorothea Joling's motion to dismiss and for damages (# 9) is denied.